IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO.  3:13 CR 65 |
| | ) |
| BARTON C. PASCO, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The parties stipulate that the allegations in Count One of the Criminal Information and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1.      From in or about 1997 through in or about July 2010, the defendant, BARTON PASCO ("PASCO"), held a durable power of attorney and served as the trustee over several trusts created by his parents, John G. Pasco, Jr., and Nell Pasco ("the Pascos").

2.      On or about December 30, 1997, the Pascos created the Nell G. Pasco Living Trust, and named PASCO and John G. Pasco, Jr., as trustees.  In or about May 2000, when Nell Pasco passed away, the Nell G. Pasco Living Trust became the Nell G. Pasco Family Trust, which was created for the benefit of John G. Pasco, Jr., and his descendants.  PASCO remained the trustee of this trust.

3.      On or about December 30, 1997, the Pascos also created the John Pasco Jr., Irrevocable Trust, and named PASCO as the trustee.

4.      On or about December 30, 1997, John G. Pasco, Jr., created the John Pasco Living Trust, with PASCO and Nell Pasco as the Trustees.  Upon the death of Nell Pasco in 2000, PASCO remained the sole Trustee.

5.      On or about December 22, 1999, the Pascos created a Charitable Remainder Trust.  PASCO and another individual were named as the Trustees of this trust.

6.      For all of the trusts listed in Paragraphs Two through Five (collectively, "the Trusts"), PASCO was responsible for administering the Trusts under the terms of Trust Agreements.

7.      On or about July 22, 1997, PASCO was also named as John G. Pasco, Jr.'s agent through a durable power of attorney.  As power of attorney, PASCO was given authority to transact business on behalf of John G. Pasco, Jr., including the power to access and withdraw funds from John G. Pasco Jr.'s banking and investment accounts (collectively "the Accounts").

8.      In or about 1997, the Pascos moved to an assisted living home.  Following the death of Nell Pasco in 2000, John G. Pasco, Jr., remained at the assisted living home.  Nearly all of the Pascos necessary living expenses were included in their payments to the assisted living home.

9.      From in or about 2000 through in or about July 2010, in the Eastern District of Virginia and elsewhere, PASCO devised a scheme and artifice to defraud and for obtaining money from the Trusts and the Accounts by means of materially false and fraudulent pretenses, representations, and promises.

10.     The objects of the scheme and artifice to defraud were for PASCO, using his authority as the Trustee and pursuant to the durable power of attorney: (a) to obtain funds to which he was not entitled by transferring funds from the Trusts, in the form of checks, cash

withdrawals and wire transfers, to himself and for the benefit of himself and his family, and (b) to obtain funds to which he was not entitled by transferring funds from the Accounts, in the form of checks, cash withdrawals, and wire transfers, to himself and for the benefit of himself and his family, and (c) obtain personal gain by paying his personal expenses from the Trusts and from the Accounts.

11.    The transfers of funds for PASCO's personal gain and expenses were not authorized by, nor consistent with, the terms of the Trust Agreements nor the durable power of attorney.

12.    On or about May 4, 2009, within the Eastern District of Virginia and elsewhere, the defendant, BARTON PASCO, having devised and intending to devise the scheme and artifice to defraud described above, and to obtain money and property by means of false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted by means of wire communication in interstate commerce, any writing, sign, signal, picture and sound for the purpose of executing such scheme and artifice, to wit: a wire transfer of $21,164.19 from John G. Pasco Jr.'s JP Morgan Chase Signator Investors Account number JHX-xxxx40 in New York to John G. Pasco Jr.'s Wachovia account xxxxxxxxx454 in Virginia.

The acts taken by the defendant, Barton C. Pasco, in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: _____
Jamie L. Mickelson
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Barton C. Pasco, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Barton C. Pasco

I am Barton Pasco's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Charles Gavin, Esq.
Attorney for Barton Pasco